PUBLIC SERVICE RAILWAY COMPANY v. SADIE GROSS.

Argued October term, 1925—Decided March 18, 1926.

**Negligence—Injury to Trolley Car by an Automobile—Car Had Partly Crossed the Street When it was Struck on the Rear Left Side—Though There was an Erroneous Statement of Law Regarding the Rights of Way of Trolley Cars, There was Evidence to Support the Court's Finding of Fact.**

On appeal from the Third Judicial District Court of Bergen county.

Before Justices PARKER, MINTURN and BLACK.

For the defendant-appellant, *John M. Nolan.*

For the plaintiff-appellee, *Carl T. Freggens.*

PER CURIAM.

This action was tried in the Third Judicial District Court of Bergen county, without a jury, and resulted in a judgment for the plaintiff for $53.64.

The action was brought to recover the amount of damages caused to plaintiff's trolley car, under these circumstances: The trolley car had stopped to receive and discharge passengers at the corner of Van Nostrand avenue and Grand avenue, in Englewood, and then proceeded to cross Grand avenue in a westerly direction. The front of the trolley car had entirely crossed Grand avenue, the trolley car being about thirty-five feet in a private right of way, leaving about fifteen feet extending into Grand avenue, when it was hit in the rear left side by defendant's automobile, which was proceeding along Grand avenue, in a northerly direction, at a speed of from fifteen to twenty miles an hour.

The defendant claims error in the refusal of the usual motions, on the grounds of no negligence upon the part of the defendant and contributory negligence upon the plaintiff's part.

There was evidence that the motorman looked before crossing, and that he saw the defendant a considerable distance away.

The court, in giving judgment, erroneously stated the law to require the drivers of vehicles to give the right of way to trolley cars, especially where passengers are being discharged or received. The case at bar did not involve the application of that statutory rule under the facts in evidence. The court no doubt had in mind the rule concerning vehicles going in the same direction as a trolley car, where the car has stopped to take on or to discharge passengers.

There was evidence to support the court's finding of fact, upon the gravamen of the case, even if one of the considerations upon which the judgment was based was erroneously stated. Where the result reached upon the testimony, as in this case, was manifestly correct, an erroneous discussion of an abstract and extraneous question by the court will not vitiate the result. 14 R. C. L. 816, and cases.

The judgment will be affirmed.